UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **IRMA MCDONALD AND PAULA JACKSON** | : CASE NO. 2:24-CV-1083 |
| | : |
| **VERSUS** | : JUDGE: |
| | : |
| **STRATIGOS DYNAMICS, INC.** | : MAG. JUDGE: |
| | : |
| | : |
| | : |

**ANSWER ON BEHALF OF STRATIGOS DYNAMICS, INC.**

COMES NOW defendant, Stratigos Dynamics, Inc., (SDI) and, for answer to the Complaint under the Fair Labor Standards Act ("FLSA") filed by plaintiffs, Irma McDonald and Paula Jackson, denies each and every allegation contained therein, except these allegations of fact which are hereinafter specifically admitted. Further responding to the complaint, SDI avers, alleges, pleads and states as follows:

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted under the FLSA, as Plaintiffs cannot carry their burden of proving that SDI failed to properly compensate them and/or failed to pay either minimum wages or overtime pay, as required under the FLSA.

**SECOND DEFENSE**

SDI pleads, in the alternative, its rights to set off any overpayments to Plaintiffs for hours not actually worked against any pay allegedly owed to Plaintiffs under the FLSA.

**THIRD DEFENSE**

Plaintiffs failed to report to SDI, on a timely basis and as required by SDI policies, any underpayment of wages and/or alleged violations of the FSLA.

6011320.v1

**FOURTH DEFENSE**

SDI pleads that the time and activities for which Plaintiffs claim they were entitled to be paid (either at their regular rate and/or the overtime rate) were preliminary or postliminary activities, "de minimis", and/or excluded from working time/compensable time under the Portal to Portal Act.

**FIFTH DEFENSE**

Plaintiffs cannot prove that any alleged violations of the FLSA by SDI (which is/are denied) was/were "willful".

**SIXTH DEFENSE**

SDI pleads that certain claims, or portions thereof, by Plaintiff are prescribed and/or time barred under the applicable statute(s) of limitations.

**SEVENTH DEFENSE**

Now responding to the allegations of the complaint, by paragraph, SDI responds and states as follows:

1.

SDI admits its name, status and that it has been named defendant herein, as alleged in Paragraph 1 of the complaint.

2.

The allegations contained in Paragraph 2 of the Complaint are denied as written.

3.

The allegations contained in Paragraph 3 of the Complaint are denied and/or denied as written. SDI admits, however, that the Western District of Louisiana is a proper venue for this action.

4.

The allegations contained in Paragraph 4 of the Complaint are denied and/or denied as written.

5.

SDI admits that this Court has jurisdiction over the Plaintiffs' federal law claims.

6.

SDI re-avers and incorporates by reference its responses to Paragraph 1-5, and, out of an abundance of caution, denies and/or denies as written any allegation contained in Paragraph 6 of the Complaint.

7.

The allegations contained in Paragraph 7 of the Complaint are admitted upon information and belief.

8.

The allegations contained in Paragraph 8 of the Complaint are denied as written.

9.

The allegations contained in Paragraph 9 of the Complaint are denied as written, except that SDI admits/agrees that it compensated the Plaintiffs, on an hourly basis, for work performed in accordance with applicable law and the terms of their respective employment.

10.

The allegations contained in Paragraph 10 are denied as written. While the schedules are generally accurate, Plaintiffs' actual weekly schedules are best evidenced by their individual employment records, not by general allegations.

11.

The allegations contained in Paragraph 11 of the Complaint are denied and/or denied as written.

12.

The allegations contained in Paragraph 12 of the Complaint are denied, denied as written and/or denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Complaint are denied and/or denied as written.

14.

The allegations contained in Paragraph 14 of the Complaint are denied and/or denied as written.

15.

The allegations contained in Paragraph 15 of the Complaint are denied and/or denied as written.

16.

The allegations contained in Paragraph 16 of the Complaint are denied and/or denied as written.

17.

The allegations contained in Paragraph 17 of the Complaint are denied and/or denied as written.

18.

The allegations contained in Paragraph 18 of the Complaint are denied and/or denied as written.

19.

The allegations contained in Paragraph 19 of the Complaint are denied.

20.

The allegations contained in Paragraph 20 of the Complaint are denied.

21.

The allegations contained in Paragraph 21 of the Complaint are denied.

22.

The allegations contained in Paragraph 22 of the Complaint are denied.

23.

The allegations contained in Paragraph 23 of the Complaint are denied as written.

24.

The allegations contained in Paragraph 24 of the Complaint are denied.

25.

The allegations contained in Paragraph 25 of the Complaint are denied as written.

26.

The allegations contained in Paragraph 26 of the Complaint are admitted upon information and belief.

27.

SDI re-avers and incorporates by reference its responses to Paragraphs 1-26 of the Complaint, and out of an abundance of caution, denies and/or denies as written any allegation contained in Paragraph 27 of the Complaint.

28.

The allegations contained in Paragraph 28 of the Complaint are admitted upon information and belief.

29.

The allegations contained in Paragraph 29 of the Complaint are admitted upon information and belief.

30.

The allegations contained in Paragraph 30 of the Complaint are denied as written and/or denied for shifts after March 1, 2024.

31.

The allegations contained in Paragraph 31 of the Complaint are denied and/or denied as written.

32.

The allegations contained in Paragraph 32 of the Complaint are denied and/or denied as written.

33.

The allegations contained in Paragraph 33 of the Complaint are denied and/or denied as written.

34.

The allegations contained in Paragraph 34 of the Complaint are denied.

35.

SDI re-avers and incorporates by reference its responses to Paragraphs 1-34 of the Complaint.

36.

The allegations contained in Paragraph 36 of the Complaint are denied as written. Further responding, SDI states that Ms. Jackson was employed from March 23, 2023 until July 9, 2024.

37.

The allegations contained in Paragraph 37 of the Complaint are admitted upon information and belief.

38.

The allegations contained in Paragraph 38 of the Complaint are denied as written.

39.

The allegations contained in Paragraph 39 of the Complaint are denied and/or denied as written.

40.

The allegations contained in Paragraph 40 of the Complaint are denied and/or denied as written.

41.

The allegations contained in Paragraph 41 of the Complaint are denied, denied as written and/or denied for lack of sufficient information to justify a belief therein.

42.

SDI re-avers and incorporates by reference its responses to Paragraphs 1-41 of the Complaint.

43.

The allegations contained in Paragraph 43 of the Complaint are denied and/or denied as written.

44.

The allegations contained in Paragraph 44 of the Complaint are admitted upon information and belief.

45.

The allegations contained in Paragraph 45 of the Complaint are admitted upon information and belief.

46.

The allegations contained in Paragraph 46 of the Complaint are denied and/or denied as written.

6011320.v1

47.

The allegations contained in Paragraph 47 of the Complaint are denied.

48.

The allegations contained in Paragraph 48 of the Complaint are denied.

49.

The allegations contained in Paragraph 49 of the Complaint are denied.

50.

The allegations contained in Paragraph 50 of the Complaint are denied.

51.

The allegations contained in Paragraph 51 of the Complaint are denied.

52.

Paragraph 52 of the Complaint contains no factual allegations requiring any response from SDI. SDI denies that Plaintiffs are entitled to any of the relief prayed for in Paragraph 52 of the Complaint.

WHEREFORE, Stratigos Dynamics, Inc. prays that its answer be deemed good and sufficient and that, after due proceedings are had, judgment be entered int its favor and against Plaintiffs, Irma McDonald and Paula Jackson, dismissing their claims and First Superseding and Amending Complaint with prejudice and at their cost.

[SIGNATURE BLOCK TO FOLLOW ON NEXT PAGE]

6011320.v1

                Respectfully submitted,

                TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.


By: **/s/ Thomas R. Peak**
   Thomas R. Peak, Bar #14300
   Merrick "Rick" J. Norman
   450 Laurel Street, 8th Floor (70801)
   P.O. Box 2471
   Baton Rouge, LA 70821-2471
   Telephone: (225) 387-3221
   Facsimile:  (225) 346-8049
   Email: tom.peak@taylorporter.com

**Attorneys for Defendant**


## CERTIFICATE

The undersigned hereby certifies that a copy of the foregoing has been sent by United States mail, postage prepaid to the following:

Roy Bergeron, Jr.
Simien & Simien, LLC
7908 Wrenwood Boulevard
Baton Rouge, LA 70809

Baton Rouge, Louisiana, this 22nd day of October, 2024.

        **/s/ Thomas R. Peak**
          Thomas R. Peak

6011320.v1