UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**IRMA MCDONALD ET AL** : **DOCKET NO. 2:24-cv-01083**

**VERSUS** : **JUDGE DAVID C. JOSEPH**

**STRATIGOS DYNAMICS INC.** : **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Leave to File First Superseding and Amending Complaint. Doc. 6. The time for response has passed with none being filed, making this motion ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.

For reasons set forth below, the Court **RECOMMENDS** that the motion be **DENIED**.

**I.**
**BACKGROUND**

The instant motion arises from an action against Stratigos Dynamics, Inc. ("SDI") for their alleged failure to pay Plaintiffs minimum wages and overtime pay as required by the Fair Labor Standards Act ("FLSA"). Doc. 1, p. 1. Plaintiffs now seek leave to amend their complaint to add new defendants. Doc. 6, ¶ 3. The proposed additional defendants are individuals who were also employed by SDI and who Plaintiffs assert were also their "employers" as defined by the FLSA. *Id.* Plaintiffs contend that SDI and the proposed defendants, as "employers," are jointly and severally liable. *Id.* at ¶ 5.

Plaintiffs argue good cause exists for the addition of the new defendants as they only recently learned SDI filed for Chapter 7 bankruptcy. *Id.* at ¶¶ 4-5. According to Plaintiffs, SDI's bankruptcy filing will "unduly delay or reduce the ability of the plaintiffs to recover against SDI for the unpaid wages and other amounts that are rightfully owed to them under the FLSA." *Id.* at ¶ 5. Adding the additional defendants, Plaintiffs submit, will allow them to proceed with their claims and collect some or all of the amounts owed to them without waiting for the resolution of SDI's bankruptcy proceedings. *Id.* Accordingly, they also contend the addition of the proposed defendants will not delay this action, but rather, will allow it to resolve sooner. *Id.* at ¶ 6. Finally, Plaintiffs argue SDI's bankruptcy filing does not affect the claims against other liable parties. *Id.* at ¶ 8 (citing *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985), which states that "[b]y its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors.").

Plaintiffs sought SDI's consent to the amendment but, in light of SDI's bankruptcy, SDI's counsel in this matter felt constrained to take a position on the motion. Doc. 6, ¶ 10. Accordingly, the motion will be treated as unopposed, subject, however, to the Court's evaluation of whether leave is appropriate pursuant to Federal Rule of Civil Procedure 15.

## II.
### LAW AND ANALYSIS

On a motion to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Courts should grant leave to amend "when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other parties to the action." *See* 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1504, 258–59 (3d. ed. 2010). "Leave to amend, however, is by no means automatic."

*Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992). The decision whether to grant leave is squarely in the discretion of the court, but the court "must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). When ruling on a motion to amend, the court should consider

> whether permitting the pleading would cause undue delay in the proceedings or undue prejudice to the nonmovant, the movant is acting in bad faith or with a dilatory motive, the movant has previously failed to cure deficiencies by prior pleadings, or the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action.

*Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983).

Plaintiffs' amendment would not unduly delay the proceedings with respect to SDI as the action will likely be stayed pending resolution of SDI's bankruptcy proceeding. While SDI may be prejudiced if the amendment is allowed and the case proceeds without it, bankruptcy proceedings do not protect co-defendants,[1] and so any such prejudice would not be undue. There is no evidence the motion was filed by Plaintiffs in bad faith or with dilatory motive or that Plaintiffs have failed previously to cure deficiencies by prior pleadings. Thus, futility of the amendment is the only consideration that requires discussion.

Under Rule 15, "an amendment is futile if it 'would fail to state a claim for relief upon which relief could be granted.'" *Spillers v. Louisiana PHS, L.L.C.*, No. CV 3:21-00762, 2022 WL 1423179, at *2 (W.D. La. Mar. 4, 2022) (quoting *Stripling v. Jordan Production Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000)). To determine whether a complaint fails to state a claim on which

---

[1] The Fifth Circuit has held that proceedings against co-defendants are allowed to continue. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) (holding that "the protections of [11 U.S.C.] § 362 neither apply to co-defendants nor preclude severance."); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("[W]hile the stay protects the debtor who has filed a bankruptcy petition, litigation can proceed against other co-defendants.").

relief may be granted, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

The viability of Plaintiffs' amendment is dependent upon whether the proposed defendants are considered "employers" of the Plaintiffs as defined by the FLSA.[2] Indeed, "[t]o be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984), *cert. denied,* 471 U.S. 1124, 1124 (1985). Therefore, to avoid being deemed futile, the proposed complaint must present sufficient facts plausible on their face that show the proposed defendants are employers as defined by the FLSA.

Pursuant to the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C § 203(d). "The Supreme Court has characterized the FLSA's definition of employer as 'expansive' and has held that 'managerial responsibilities' and 'substantial control of the terms and conditions of the [employee's] work' suffice to create employer status." *Spillers*, 2022 WL 1423179 at *3 (citing *Grim Hotel*, 747 F.2d at 971–72). Indeed, "[t]he FLSA's definition of employer must be liberally construed to effectuate Congress' remedial intent." *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (citing *Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 194 (5th Cir. 1983)).

---

[2] "[A]ny employer who violates the FLSA minimum wage statute, 29 U.S.C. § 206, or the FLSA maximum hours statute, 29 U.S.C. § 207, is 'liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.'" *Clifton v. Famous Bourbon Mgmt. Grp., Inc.*, No. CV 20-2764, 2025 WL 105290, at *9 (E.D. La. Jan. 15, 2025) (citing 29 U.S.C. § 216(b)).

Accordingly, the Fifth Circuit has held that "the FLSA's definition of employer is 'sufficiently broad to encompass an individual who, though lacking a possessory interest in the "employer" corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees.'" *Id.* (quoting *Sabine Irrigation Co.,* 695 F.2d at 194-95). Thus, "an individual qualifies as an employer if he 'independently exercised control over the work situation.'" *Id.* (quoting *Grim Hotel*, 747 F.2d at 972). This broad interpretation also leads to the conclusion that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Grim Hotel*, 747 F.2d at 972. Relevant jurisprudence, however, does not suggest "that merely being an officer or shareholder subjects an individual to FLSA liability." *Gray v. Powers*, 673 F.3d 352, 356 (5th Cir. 2012). Specifically, in *Gray*, the Fifth Circuit stated,

> The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies. An individual's operational control can be shown through his power to hire and fire, ability to supervise, power to set wages, and maintenance of employment records. While each element need not be present in every case, finding employer status when none of the factors is present would make the test meaningless. We decline to adopt a rule that would potentially impose individual liability on all shareholders, members, and officers of entities that are employers under the FLSA based on their position rather than the economic reality of their involvement in the company.

*Id.* at 357.

Thus, "[t]o determine whether an individual or entity is an employer, the court considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* at 355 (quoting

*Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). This is called the "economic realities test." "While each element need not be present in every case, finding employer status where none or only one of the factors is present would render the test meaningless." *Spillers*, 2022 WL 1423179, at *3 (citing *Gray*, 673 F.3d at 354-55; *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 253 (5th Cir. 2012)). Indeed, "[c]ase law suggests that plaintiffs must allege facts to support multiple economic realities factors to state a plausible claim for employer liability under the FLSA." *Rule v. S. Indus. Mech. Maint. Co.*, No. 5:16-CV-01408, 2019 WL 2881545, at *5 (W.D. La. July 3, 2019) (citing *Dupre v. Westlawn Cemeteries*, No. 13-356, 2013 WL 3730125, at *3 (E.D. La. July 12, 2013); *Martin*, 688 F.3d at 253 (sustaining summary judgment in favor of defendant where plaintiff only adduced evidence to support one economic realities factor)).

Plaintiffs propose to join five new defendants: Jason Wilbur, Dave Thibodeaux, Gabe Thibodeaux, Ryan Ardoin, and Amy Benoit (collectively, the "proposed defendants"). Doc. 6, att. 2, ¶ 1. Plaintiffs claim each of the proposed defendants is liable as an employer under the FLSA. Doc. 6, ¶ 3. In support of this claim, Plaintiffs simply list each proposed defendant's job position and generally assert that they proposed, developed, approved and/or implemented the policies and procedures at issue in this action. *Id.* at att. 2, ¶¶ 3-6.[3] Each of the proposed defendant's job titles suggests a managerial position, but there is no description of the duties, responsibilities or powers vis-à-vis the Plaintiffs held by each position. *Id*. "[M]erely being an officer or shareholder" will not subject an individual to FLSA liability. *Gray*, 673 F.3d at 356. Thus, job titles alone are

---

[3] Specifically, Plaintiffs assert that CEO and President Jason Wilbur and COO and Vice-President Dave Thibodeaux "exercised significant control over the day-to-day operations of SDI's business, including developing, approving, and implementing the policies and procedures at issue in this suit," that assistant site manager Gabe Thibodeaux and project manager Ryan Ardoin "proposed, developed, and/or implemented the policies at issue in this lawsuit," and that team leader and administrator Amy Benoit "implemented policies and procedures mandating SDI employees to attend pre-shift meetings without pay." Doc. 6, att. 2, ¶¶ 3-6.

insufficient to support the claim that the proposed defendants are "employers" as defined by the FLSA.

While there are additional allegations that Gabe Thibodeaux communicated the policies at issue to employees [doc. 6, att. 2, ¶ 5] and Amy Benoit disciplined, up to and including terminating, employees for violating such policies [*id.* at ¶ 6], these allegations fail to demonstrate "operational control" by these individuals. Instead, these allegations beg the question whether the "economic reality" of each of these proposed defendants was that of decision follower, as opposed to decision maker. Regardless, only the allegations of hiring and firing made with respect to Amy Benoit implicate an "economic realities" factor, and allegations of at least two of the factors are required to state a plausible claim for employer liability. *See Rule*, 2019 WL 2881545 at *5 (and cases cited).

The allegations of employer status are threadbare, conclusory statements that fail to provide specific facts, instances, or examples of how each of the proposed defendants was involved in the company or had actual control of Plaintiffs as SDI employees. There are no specific factual allegations demonstrating the extent to which each of the proposed defendants had power to hire and fire employees, to control schedules or conditions of employment, to determine the rate of payment, or maintained employment records. To the contrary, throughout the vast majority of Plaintiffs' proposed amended complaint, they offer only generalized allegations concerning all "Defendants."

Such group pleading has often been held inadequate under a Rule 12(b)(6) analysis. *See, e.g.*, *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is asserted to be wrongful, allegations based on a 'theory of collective

responsibility' cannot withstand a motion to dismiss."); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 (5th Cir. 2017) ("Plaintiffs make only generalized allegations regarding Defendants' alleged disparate treatment of Body by Cook versus non-minority-owned shops. These allegations are not specific enough to plead discriminatory intent. They fail to identify which Defendant discriminated . . ."); *Alexander v. City Police of Lafayette*, No. 6:11-CV-01749, 2021 WL 4396016, at *10 (W.D. La. Sept. 24, 2021) ("Courts have often concluded that allegations that plead liability with respect to a collective group of defendants without distinguishing the conduct of each individual defendant are deficient."); *Tilson v. DISA, Inc.*, No. CV 17-240-SDD-EWD, 2019 WL 208871, at *2 (M.D. La. Jan. 15, 2019) (in a group pleading context, analyzing only well-pleaded facts against a particular defendant to determine if pleading stated a cause of action); *Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 2849498, at *5 (E.D. La. May 13, 2016) ("This pleading structure—lumping all defendants together and asserting identical allegations as to each, without distinction—largely prevents the Court from discerning which defendants are allegedly responsible for which allegedly unlawful actions."). As "allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss," *Martinez*, 846 F. App'x at 243, Plaintiffs' allegations regarding all "Defendants" are not sufficiently specific to support that each proposed defendant is a FLSA "employer."

     As currently pleaded, Plaintiffs' proposed amended complaint fails to contain sufficiently stated allegations to satisfy the economic realities test and, thereby, to state a plausible claim against each of the proposed defendants as an "employer" under the FLSA. As such, to permit the amendment would be futile.

## III.
### CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiffs' Motion for Leave to File First Superseding and Amending Complaint [doc. 6] be **DENIED** without prejudice to Plaintiffs' right to refile the motion with a proposed amended complaint that sufficiently alleges liability against any or all of the proposed defendants, if possible.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 30th day of September, 2025.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**